**In re Anonymous No. 60 D.B. 91 (No. 2)**

554

Disciplinary Board Docket no. 60 D.B. 91.

CARSON, *Member,* February 8, 1996—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On November 3, 1993, petitioner, [    ], filed a petition for reinstatement. [Petitioner] was suspended for a period of 18 months pursuant to an order of the Supreme Court of Pennsylvania of July 1, 1993. This order made petitioner's suspension retroactive to May 21, 1991, the date of his temporary suspension under Pa.R.D.E. 214(d)(1). This matter was referred to Hearing Committee [    ] comprised of Chairperson [    ], Esquire, and Members [    ], Esquire, and [    ], Esquire. The reinstatement hearings were held on June 2, 1994 and October 24, 1994. Petitioner was represented by [    ], Esquire. Office of Disciplinary Counsel was represented by [    ], Esquire.

On July 25, 1995 the committee filed its report and the majority recommended that the petition for reinstatement be granted. No briefs on exceptions were filed by either party. This matter was adjudicated by the Disciplinary Board at the meeting of October 6, 1995.

## II. FINDINGS OF FACT

The board adopts the findings of fact made by the Hearing Committee.

(1) Petitioner, [    ], was born on August 31, 1957. He was admitted to practice law in Pennsylvania on

December 5, 1986. He is currently separated from his wife and has three children. Petitioner resides at [     ].

(2) On September 4, 1990 petitioner was convicted of criminal conspiracy and tampering with public records arising from his submission of fraudulent claims to the [A] Program, his employer at that time.

(3) Petitioner was sentenced to two years non-reporting probation and fined $1,000 plus costs.

(4) Petitioner was suspended from the practice of law for a period of 18 months by order of the Supreme Court of Pennsylvania on July 1, 1993. This order was made retroactive to May 21, 1991.

(5) Petitioner complied with all terms of the Supreme Court's suspension order and all Rules of Disciplinary Enforcement. (Stipulations 7 and 8.)

(6) Petitioner held a number of jobs during his period of suspension. He worked as a social worker for [B] Nursing Home; a counselor at [C]; a temporary social worker at [D] Temporary Services; a social work consultant at [E]; a counselor at [F]; and a counselor at [G] Cemetery. Petitioner was never disciplined or discharged for improper conduct by any of these employers. (Petition for reinstatement.)

(7) Petitioner owned two beauty salons in [     ] during his suspension. Due to business losses, petitioner closed both salons. (Petition for reinstatement.)

(8) Petitioner filed income tax returns for the years 1992 and 1993. These returns were prepared with the assistance of his accountant, to whom petitioner provided all of his financial records and upon whom he relied completely. Petitioner amended his 1992 tax return to claim a refund due to his substantial business losses. Petitioner testified that he fully intended and intends to comply with applicable tax laws, and because

he has difficulty understanding the tax laws, he turned to accountants for help. (N.T. June 2, 1994, 68.)

(9) During the course of the reinstatement process, petitioner first became aware that several checks he had issued on his former [H] account to PBI had not been honored due to insufficient funds. (N.T. October 24, 1994, 32.)

(10) As soon as he learned of his debt to PBI, petitioner drove to [    ] and paid the outstanding debt to PBI in cash. (N.T. October 24, 1994, 32.)

(11) The suspension from practice has strained petitioner's finances to the point where he has been unable to provide any regular or meaningful support for his three children, although he is not under a court order to do so. (N.T. June 2, 1994, 62.)

(12) Petitioner regularly spends time at [    ] Law School reviewing advance sheets and cases. (Petition for reinstatement.)

(13) Petitioner attended a three day basic practice course at [    ] University on August 3-6, 1993. (Petition for reinstatement.)

(14) Petitioner attended seven PBI seminars in 1994. (Exhibit P-10.)

(15) If petitioner is reinstated he intends to pursue a criminal law practice. (Petition for reinstatement.)

(16) Four character witnesses testified on petitioner's behalf, two of whom were attorneys. All of the witnesses were aware of petitioner's conviction and discipline and nonetheless held him in high regard. The witnesses testified to petitioner's good reputation among members of the bar and in the community. (N.T. June 2, 1994, 13-18; N.T. October 24, 1994, 5-16, 17-22, 63-68.)

(17) Petitioner has not engaged in any criminal conduct during his suspension, nor has he engaged in the unauthorized practice of law.

(18) Petitioner has no prior record of discipline.

(19) Petitioner expressed his regret and remorse for his past actions and stated that he is looking forward to practicing law again and helping people. (N.T. June 2, 1994, 20, 49.)

## III. CONCLUSIONS OF LAW

Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

The principal objectives of the disciplinary system are to determine whether an attorney possesses the requisite fitness to practice law and to protect the public from unfit attorneys. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). Pursuant to Rule 218 (a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume practice until reinstated by order of the Pennsylvania Supreme Court. In order for petitioner to gain reinstatement to the practice of law in this Commonwealth after suspension, he has the burden of demonstrating by clear and convincing evidence that he possesses both the moral qualifications and the competency and learning in the law required for admission to practice law. In addition, petitioner has the burden of demonstrating

that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

In determining whether petitioner clearly demonstrated his present fitness to practice law, the board considered the nature of petitioner's misconduct, his present competence and legal abilities, his character, his rehabilitation, and the degree of remorse expressed. *Philadelphia News Inc. v. Disciplinary Board of the Supreme Court*, 468 Pa. 382, 363 A.2d 779 (1976). Petitioner was suspended as a result of his conviction for tampering with public records and criminal conspiracy. Petitioner's illegal conduct occurred while he was employed at the [A] Program in a position in which he supervised young offenders and provided them with guidance and recreation. The gravamen of petitioner's crime was that he falsified 30 work hours over the course of four years. Other employees provided dishonest work claims as well. Petitioner was sentenced to two years of non-reporting probation and ordered to pay a $1,000 fine.

Petitioner is fully aware of the impropriety of his actions. He admitted that he was wrong and expressed his intention never to engage in such conduct again. Petitioner stated that he is very familiar with the Rules of Professional Conduct and intends to abide by such rules. Other than the misconduct which led to his suspension, petitioner has an unblemished disciplinary record. Petitioner has no unsatisfied judgments, federal tax liens, or outstanding claims by the client security fund. At no time during his suspension has petitioner practiced law or held himself out to be an attorney.

Petitioner, instead, found employment where he was able to utilize his social work skills in order to help others.

Petitioner has a very good reputation in the community and is respected among his colleagues. Four witnesses, including two attorneys, testified to petitioner's present moral qualifications and reputation in the community. None of the witnesses expressed any concern over petitioner's ability to practice law and to be an asset to the bar.

During his suspension, petitioner completed a three day basic practice course and seven PBI seminars. Petitioner used his time on suspension to regularly avail himself of the resources at the [    ] Law School library, including reading the advance sheets and case reporters.

Certain questions raised by Office of Disciplinary Counsel did create initial concerns relative to petitioner's fitness to practice law. Office of Disciplinary Counsel questioned petitioner extensively about his income tax filings pertaining to the losses he incurred running his beauty salon businesses. Petitioner had to file an amended tax return in 1992 because he neglected to attach a schedule C. Petitioner testified that he brought all of his records to his accountant, who then prepared the returns. Petitioner explained that he was not fully cognizant of all of the intricacies of tax law and he relied on his accountant. Petitioner did file his returns and then upon discovering his omission of schedule C, he filed amended returns. Petitioner did not violate any law in the manner that these returns were handled. Petitioner's returns have not been audited. Office of Disciplinary Counsel also questioned petitioner's checking account practices upon discovery that petitioner owed PBI for several of the courses he took in 1994. Petitioner paid for these courses by checks, which sub-

sequently were returned for insufficient funds. Petitioner took immediate action to correct his debt with PBI. Review of the bank records indicates that although petitioner had overdraft protection on his checking account through his savings account, some checks were refused payment altogether due to insufficient funds from that source. Petitioner did demonstrate his willingness to pay his debts by driving to the PBI offices to make cash payment, and he testified to his strained financial circumstances. The filing of amended tax returns and the writing of several insufficient checks should not bar petitioner from reinstatement. Case law indicates that there are circumstances wherein an attorney seeking reinstatement who owes $19,000 in back taxes to the federal government has not been denied reinstatement upon demonstrating financial inability to pay the back taxes. *In re Anonymous No. 20 D.B. 80,* 36 D.&C.3d 575 (1985). An attorney who failed to satisfy judgments against him was not denied reinstatement, as the attorney testified he had been financially unable to make payments. *In re Anonymous No. 82 D.B. 84,* 8 D.&C.4th 514 (1990). Comparison of the above cited cases with the instant case indicates that petitioner's situation is much less egregious and should not bar his reinstatement. The board finds that petitioner possesses the morals, competency and learning in the law required to be reinstated to the practice of law in Pennsylvania.

There is no doubt that petitioner's past misconduct that led to his suspension was improper and detrimental to the integrity of the legal system. However, petitioner has shown sincere remorse for this misconduct. He appears to have a greater understanding of his responsibilities as an attorney and blames no one but himself for his wrongdoing. Petitioner's recognition of his misconduct is an integral part of his rehabilitation and

is an important factor in determining his fitness to practice under the terms of Pa.R.D.E. 218(c)(3)(i). *Matter of Costigan,* 541 Pa. 459, 664 A.2d 518 (1995). The board finds that petitioner is fit to practice and his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive of the public interest.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [    ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Members Paris and George did not participate in the October 6, 1995 adjudication.

## ORDER

And now, March 1, 1996, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated February 8, 1996, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.